UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN DALE NAÑEZ,

               Plaintiff,

     v.

PAUL CRESWELL,

               Defendant.

CASE NO. 3:17-cv-05923-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 13, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Shawn Dale Nañez, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on November 7, 2017. Dkt. 1.

Plaintiff alleges Defendant sexually harassed him in violation of the Eighth Amendment when Defendant made sexually explicit and degrading comments to Plaintiff. However, the Ninth Circuit has clearly held mere verbal harassment, without more, is insufficient to state a claim under either the Eighth or Fourteenth Amendments. Therefore, the Court recommends Defendants' Motion to Dismiss (Dkt. 10) be granted and Plaintiff's action dismissed.

# I.    Background

Plaintiff filed his Complaint on November 7, 2017. Dkts. 1. Pursuant to this Court's order, he filed an Amended Complaint on December 7, 2017. Dkt. 6. He alleges that while housed in the infirmary, Defendant told him: "I would tell you eat a shoe but you already did so go eat a big dick sandwich. You probably suck dick!" Dkt. 6, p. 3. Plaintiff states he was sexually abused in his youth and Defendant's comments triggered painful memories from that time. *Id.* He alleges, because of Defendant's comments, he became mentally unstable and committed self-harm by attempting to remove the staples he had recently received in his abdomen. *Id.* He also alleges, though he believes speaking with a psychologist would be helpful, he does not trust the psychologists provided by the Department of Corrections. *Id.*, pp. 3-4.

Defendant filed a Motion to Dismiss on March 9, 2018. Dkt. 10. After requesting counsel, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss. Dkt. 13. The Court granted the extension, giving Plaintiff until May 21, 2018, to file a response. Dkt. 15. Plaintiff has still not responded to Plaintiff's Motion to Dismiss. *See* Dkt.

# II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

1  sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901

2  F.2d 696, 699 (9th Cir. 1990).

3       While the Court must accept all the allegations contained in a complaint as true, the Court

4  does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare

5  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

6  suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

7  1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

8  section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to

9  construe a complaint liberally, such construction "may not supply essential elements of the claim

10  that were not initially pled." *Pena*, 976 F.2d at 471.

11  **III.     Discussion**

12      A.     <u>Eighth Amendment Sexual Harassment</u>

13       Plaintiff alleges his Eighth Amendment protections against cruel and unusual punishment

14  were violated when Defendant made disparaging and offensive comments to Plaintiff, allegedly

15  causing Plaintiff to commit self-harm. "[V]erbal harassment generally does not violate the

16  Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v.*

17  *Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Similarly, verbal harassment, without more, is not

18  sufficient to state a Fourteenth Amendment violation. *See Oltarzewski*, 830 F.2d at 139. Even

19  disparaging comments about a plaintiff's racial or ethnic background generally will not rise to

20  the level of a constitutional violation. *See*, *e.g.*, *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1058-59

21  (C.D. Cal. 2008). Although the Ninth Circuit has recognized sexual harassment can constitute a

22  constitutional violation, it has specifically differentiated between verbal sexual harassment and

23  physical sexual harassment, finding only the latter to be in violation of the Constitution. *Schwenk*

24

1  *v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000); *see also Minifield v. Butikofer*, 298 F. Supp. 2d

2  900, 901, 903-04 (N.D. Cal. 2004) (finding verbal sexual harassment did not rise to the level of a

3  constitutional violation, even when the allegation entailed a prison guard unzipping his pants and

4  telling a prisoner to grab his penis, brushing against a prisoner after unzipping his pants, and

5  holding a candy bar near his groin, waving it up and down, and telling a prisoner "I don't kiss

6  and tell").

7       Here, Plaintiff contends Defendant told Plaintiff: "I would tell you to eat a shoe but you

8  already did so go eat a big dick sandwich. You probably suck dick!" Dkt. 6, p. 3. As a result,

9  Plaintiff allegedly began committing self-harm because of trauma from sexual abuse in his

10  youth. *Id*. The Ninth Circuit has clearly stated that verbal harassment, without more, is not

11  enough to violate either the Eighth or the Fourteenth Amendments. *Kennan*, 83 F.3d at 1092;

12  *Oltarzewski*, 830 F.2d at 139. Plaintiff alleges Defendant's statements triggered him into self-

13  harm, and thus implies that there is more than a simple verbal statement. Dkt. 6, p.3. However,

14  his injuries were self-inflicted, not inflicted by Defendant. Further, even if the Court makes the

15  leap and attributes Plaintiff's injuries to Defendant's words, verbal harassment may only rise to

16  the level of a constitutional violation if it was "unusually gross even for a prison setting" or

17  "calculated to and did cause [the prisoner] psychological damage." *Keenan*, 83 F.3d at 1092.

18  Neither of these circumstances are present here. *See Somers v. Thurman*, 109 F.3d 614, 622 (9th

19  Cir. 1997) ("We are mindful of the realities of prison life, and while we do not approve, we are

20  fully aware that the exchange of verbal insults between inmates and guards is a constant, daily

21  ritual observed in this nation's prisons.") (internal citation omitted). Thus, Defendants' one-time

22  statement, while offensive and degrading was purely verbal harassment and is not enough to

23

24

state a claim under § 1983. Therefore, the Court recommends Defendants' Motion to Dismiss (Dkt. 10) be granted and Plaintiff's action dismissed.

B.  Qualified Immunity

Defendant also argues, if there was a constitutional violation, he is entitled to qualified immunity. However, since the Court has already determined Plaintiff's single allegation does not state a claim for which relief can be granted, the Court declines to determine whether Defendant is entitled to qualified immunity.

**IV.    Conclusion**

Based on the foregoing, the Court concludes Plaintiff's single allegation has failed to state a claim for which relief can be granted. Accordingly, the Court recommends Defendant's Motion to Dismiss (Dkt. 10) be granted and Plaintiff's action dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 13, 2018, as noted in the caption.


Dated this 26th day of June, 2018.


David W. Christel
United States Magistrate Judge